eUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SOHEILA HEXEMER,

Plaintiff,

v.

GENERAL ELECTRIC COMPANY, GID
GLOBAL, LLC and JOSE GARCIA, in his
professional and individual capacities,

Defendants.

No. 12 Civ. 1808 (LEK/CFH)

**STIPULATION AND [PROPOSED]
ORDER GOVERNING THE
PROTECTION OF CONFIDENTIAL
AND ATTORNEYS' EYES ONLY
MATERIAL**

WHEREAS the parties intend to produce, or seek the production of, documents and data that may contain sensitive personal, commercial, financial, proprietary, business or professional information, and

WHEREAS those documents and data normally would not be revealed to third parties, and disclosure of those documents and data could be highly prejudicial to the parties to this litigation and to other persons,

NOW, THEREFORE, the undersigned attorneys for Plaintiff, Soheila Hexemer, and Defendants, General Electric Company, GID Global, LLC, and Jose Garcia (collectively, "Defendants") (individually, a "Party" and together, the "Parties"), stipulate and agree that:

1.      This Stipulation Governing the Protection of Confidential and Attorneys' Eyes Only Material (the "Stipulation") governs all documents, data, testimony, and all other information (collectively, "Material") produced by any Party in connection with this action.

2.      The provisions of this Stipulation apply to: (i) the Parties; (ii) their attorneys of record, including clerical, paralegal, and other staff employed by the attorneys; (iii) any other person who agrees to be bound by the terms of this Stipulation; and (iv) all persons

-1-

shown Confidential Material or Attorneys' Eyes Only Material, as defined in Paragraphs 3 and 4 respectively.

3.      Any Party may designate any Material as "Confidential" after it makes a good faith determination that such Material includes or constitutes non-public information, including but not limited to, sensitive personal, commercial, financial, proprietary, business or professional information, or information which any Party or non-party is under a duty to maintain in confidence.

4.      Any Party may designate as "Attorneys' Eyes Only" any non-public Material produced or exchanged in the course of discovery proceedings in this case when such Party in good faith believes that such Material contains trade secrets or other highly confidential or proprietary information, the disclosure of which is likely to cause significant competitive harm or other disadvantage to the designating Party.

5.      Designation of Material as "Confidential" or "Attorneys' Eyes Only" extends such designations to any copies, excerpts, summaries, quotations, or paraphrases of the Material.

6.      The designation of Material as "Confidential" or "Attorneys' Eyes Only" cannot be used against the designating Party as an admission of any issue in this or any other action.

7.      Material designated as "Confidential" ("Confidential Material") and Material designated as "Attorneys' Eyes Only" ("Attorneys' Eyes Only Material") is subject to the following restrictions:

        a.      Confidential Material and Attorneys' Eyes Only Material may be used only for the purposes of preparing for and conducting this litigation, including any appeals, and not for any other purpose, and must not be given, shown, made available, or communicated in any way to anyone

except as permitted below and to whom it is necessary that the Confidential Material or Attorneys' Eyes Only Material be given or shown for the purposes permitted under this paragraph.

b.    Confidential Material may be disclosed, for the purposes stated above,

only to:

    i.    attorneys of record for the Parties and employees of those attorneys, including clerical, paralegal and other staff, who are assisting in the conduct of this litigation and for no other purposes;

    ii.    the Parties, including officers, directors, agents, employees of the Parties, and support personnel, who are working directly on the litigation with or under the direction of counsel, and to whom it is necessary that the Confidential Material be shown for purposes of this litigation;

    iii.    the Court (and any appellate court), including court personnel, jurors and alternate jurors, and court reporters to the extent necessary to record the court proceedings and depositions in this litigation;

    iv.    insurance carriers to the extent reasonably necessary;

    v.    outside providers of document reproduction, imaging, and coding services, to the extent reasonably necessary to prepare for this litigation;

    vi.    experts employed by the Parties or their attorneys of record in this litigation solely for the purpose of assisting in the preparation of this litigation for trial, such as independent accountants, statisticians, economists, or other expert witnesses;

    vii.    witnesses testifying on behalf of a Party at any deposition, hearing, arbitration, or the trial of this action, provided however, that Confidential Material may be disclosed to those persons only in preparation for, review of, or in the course of his or her testimony and that those persons must not retain the Confidential Material, whether before or after his or her testimony has concluded; and

    viii.    the person or persons who authored or received the Confidential Material.

c.    Attorneys' Eyes Only Material may be disclosed, for the purposes stated above, only to:

      i.      Attorneys of record for the Parties and employees of such attorneys, including clerical, paralegal, and other staff, who are assisting in the conduct of this litigation and for no other purposes;

      ii.     Witnesses or deponents in this action who, on the face of the Material, appear to have authored or received the Material; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Attorneys' Eyes Only Material; and

      iii.    Experts employed by the Parties in this litigation solely for the purpose of assisting counsel in the preparation of this litigation for trial, such as independent accountants, statisticians, economists, or other expert witnesses.

8.        Each person (other than the Court) given access to Confidential Material or Attorneys' Eyes Only Material under the terms of this Stipulation must be advised that such Material is being disclosed subject to the terms of this Stipulation and may be disclosed only when this Stipulation allows.  Before any person specified in Paragraphs 7(b)(iv)-(vii) and 7(c)(iii) is given access to Confidential Material or Attorneys' Eyes Only Material, he or she must agree in writing (in substantially the form of Exhibit A) to be bound by the provisions of this Stipulation, and the counsel disclosing the Confidential Material or the Attorneys' Eyes Only Material must retain a copy of that executed writing.

9.        Confidential Material or Attorneys' Eyes Only Material may be designated as follows:

      a.     With respect to documents produced, designation may be made by the producing Party by placing the legend "Confidential" or "Attorneys' Eyes Only" on each page or, in the case of electronic discovery, on the media (*e.g.*, CD-ROM, DVD) containing the Confidential or Attorneys' Eyes Only Material, before production.  With respect to documents received, designation may be made by the receiving Party by notifying all counsel in writing of those documents which are to be stamped and treated as "Confidential" or "Attorneys' Eyes Only" at any time up to 15 days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege.  Instead of marking the originals of documents, the Parties may mark the copies that are produced.  In addition, documents may be designated as "Confidential" or "Attorneys'

Eyes Only" by the supplying Party in a written statement prepared at the time that the documents are produced.

b.    With respect to depositions, designation of those portions of the transcript (including exhibits) that contain or relate to Confidential Material or Attorneys' Eyes Only Material may be made by indicating on the record at the deposition that the testimony is subject to the provisions of the Stipulation.  Any Party also may designate information revealed at a deposition "Confidential" or "Attorneys' Eyes Only" by notifying the others in writing, within 14 days of receipt of the transcript, of all specific pages and lines of the transcript that are "Confidential" or "Attorneys' Eyes Only."  All deposition testimony (including notes of the testimony) must be treated as "Confidential" during the 14-day period, unless any or all of the transcript was designated as "Attorneys' Eyes Only" at the deposition, in which case all of the deposition testimony must be treated as "Attorneys' Eyes Only" during the 14-day period.  The Parties may stipulate, at their option, that the entire transcript and exhibits be marked and treated as "Confidential" or "Attorneys' Eyes Only."

c.    With respect to written discovery responses, designation of such responses that contain or relate to Confidential Material or Attorneys Only Material may be made by indicating in the response that the information is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Stipulation.

10.    Filing with Court

a.    This Stipulation does not, by itself, authorize the filing of any  document under seal.  Notwithstanding any other provision of this Stipulation, documents  and things may not be filed under seal with the Clerk of this Court  unless such sealing  is authorized by a separate order upon an express finding that the documents or things,  or portions thereof to be sealed, satisfy the applicable requirements for sealing.

b.    If a Party wishes to file in the public record a document or information that another producer or receiving Party has designated as Confidential or Attorneys' Eyes Only,   the Party must advise the producer or receiving Party who designated the material as Confidential or Attorneys' Eyes Only of the document or information no later than five business days before the document or information is due to be filed, so that the producer or receiving Party who designated the material as Confidential or Attorneys' Eyes Only may move the Court to require the document or information to be filed under seal.

11.    In the event that any Confidential Material or Attorneys Eyes Only

Material is used in any court proceeding in connection with this litigation, it does not lose its

Confidential or Attorneys' Eyes Only status through that use, and the Parties must take all steps reasonably required to protect its confidentiality during that use.

12.     The Parties understand that Material might have been produced before the execution of this Stipulation.  The Parties agree that any of that Material is subject to the terms and conditions of this Stipulation, and reserve the right to designate any Material as "Confidential" or "Attorneys' Eyes Only" within a reasonable time of the execution of this Stipulation.

13.     Nothing in this Stipulation prevents disclosure of Confidential Material or Attorneys' Eyes Only Material if the Party designating the information as such consents to disclosure, or as required by law.  If any Party is required by law - whether by order of the Court or otherwise - to disclose Confidential Material or Attorneys' Eyes Only Material, that Party will provide the Party designating the Material as "Confidential" or "Attorneys' Eyes Only" with sufficient notice of the required disclosure to allow the designating Party an opportunity to seek appropriate relief to prevent disclosure.

14.     Subject to the restrictions set forth in paragraphs 7(b)(i-viii) and (c)(i-iii) Nothing contained in this Stipulation shall prevent the use of Confidential Material or Attorneys' Eyes Only Material at trial, conference, or deposition in the above-captioned action, nor shall it prevent the Party who produces the Confidential Material or Attorneys' Eyes Only Material from disclosing that Material as that Party deems appropriate.

15.     No Party concedes that any Material designated by the other has been properly designated.  A failure to challenge the propriety of a confidentiality designation at the time made does not preclude a later challenge.  In the event that any Party disagrees at any stage of these proceedings with the designation by another Party of any information as "Confidential"

or "Attorneys' Eyes Only," the Parties shall attempt in good faith to settle the dispute without Court intervention.  If the dispute cannot be resolved, any Party, on reasonable notice, may seek appropriate relief from the Court.  The Material at issue shall continue to be treated as "Confidential" or "Attorneys' Eyes Only" until the Court orders otherwise.

16.       The unintentional disclosure by the supplying Party of Confidential Material or Attorneys' Eyes Only Material, regardless of whether the Material was designated as such at the time of production, is not a waiver of that Party's claim of confidentiality, either as to the specific information disclosed or as to any other related information.

17.       Notwithstanding anything in this Order, the Parties agree that any information that is privileged or otherwise protected from disclosure ("Privileged Information") that inadvertently is disclosed does not constitute a waiver of any privilege or protection from disclosure, and the receiving Party will return all copies of the Privileged Information to the producing Party upon request, provided that the producing Party request the return of the Privileged Information within sixty (60) days of discovery of the inadvertent disclosure of Privileged Information  to the receiving Party.  Such return shall not constitute a waiver of the receiving Party's right to seek discovery of any such inadvertently produced Privileged Information.  Absent an express written agreement by the producing Party or an order of the Court, such returned Privileged Information may not be used by the receiving Party for any purposes, either in this litigation or otherwise.

18.       The provisions of this Stipulation continue to be binding throughout the litigation. At the conclusion of the litigation, including all appeals, upon the written request of the supplying Party, the receiving Party must (a) return any originals or reproductions of any Confidential Material or Attorneys' Eyes Only Material produced, and all reproductions or

-7-

summaries, to the supplying Party within 30 days; or (b) certify in writing to the supplying Party within 30 days that all Confidential Material or Attorneys' Eyes Only Material has been destroyed. Notwithstanding anything herein to the contrary, counsel of record for the Parties may retain one copy of the pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits provided, however, that upon the expiration of any applicable statute of limitations for possible claims by any Party against its counsel related to legal services in the litigation, and upon the written request of the supplying Party, such copy must be returned to the supplying Party or the receiving Party must certify in writing to the supplying Party that such copy has been destroyed. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

19.      Nothing within this Stipulation prevents the Parties from stating additional objections to the production of information or asserting any other grounds that may exist to prevent disclosure.

462887_1/02244-0001

20.      Any Party, on reasonable notice to the others, may ask the Court to

modify or supplement the terms of this Stipulation for good cause.

Dated: April 14, 2014
       New York, New York

STIPULATED TO:

By: _____
          Robert W. Ottinger
          Denise Rubin Glatter

The Ottinger Firm, P.C.
20 West 55th St., 6th Floor
New York, NY 10019
(212) 571-2000
robert@ottingerlaw.com
*Attorneys for Plaintiff*

By: _____
          David G. Ebert
          Alissa G. Friedman

Ingram Yuzek Gainen Carroll Bertolotti LLP
250 Park Avenue
New York, NY 10177
(212) 907-9600
*Attorneys for Defendants*

SO ORDERED:

_____
Hon. Christian F. Hummel
United States Magistrate Judge

-9-

462887_1/02244-0001

## EXHIBIT A

### CERTIFICATION

I certify that I understand that confidential information is being provided to me under the terms and restrictions of the Stipulation Governing the Protection of Confidential Material and Attorneys' Eyes Only Material entered into by counsel for Plaintiff, Soheila Hexemer, and Defendants, General Electric Company, GID Global, LLC, and Jose Garcia, in Hexemer v. General Electric Company, et al., United States District Court for the Northern District of New York, Civil Action No. 12 Civ. 1808 (LEK/CFH), and that I have been given a copy of and have read the Stipulation, and agree to be bound by it.  For purposes of enforcing or interpreting the terms of the Stipulation, I agree to submit to the jurisdiction of the United States District Court for the Northern District of New York.


Signed:         _____


Print Name:     _____


Dated:          _____

462887_1/02244-0001