UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SOHEILA HEXEMER,

           Plaintiff,

  v.

GENERAL ELECTRIC COMPANY, GID GLOBAL, LLC and JOSE GARCIA, in his professional and individual capacities,

           Defendants.

No. 12 Civ. 1808 (LEK/CFH)

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff Soheila Hexemer ("Plaintiff" or "Ms. Hexemer") by and through her undersigned counsel, The Ottinger Firm, P.C., as and for her First Amended Complaint in this action against Defendants General Electric Company ("GE"), GID Global, LLC ("GID Global"), and Jose Garcia ("Garcia") (collectively, "Defendants"), hereby alleges as follows:

**NATURE OF THE CLAIM**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' retaliation against Plaintiff, including the wrongful termination of her employment, due to her repeated complaints of discrimination on the basis of her race/ethnicity (Persian) and her national origin (Iranian), in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights

under Section 1981 and Title VII.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

3.	Venue is proper in the United States District Court, Northern District of New York pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

4.	Prior to the filing of the Complaint, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII.  Plaintiff's EEOC charges arose out of the same facts alleged herein.

5.	On or about January 25, 2014, Plaintiff received notices of right to sue issued by the EEOC in connection with the previously filed charges of discrimination.  This First Amended Complaint has been filed within 90 days of Plaintiff's receipt of her notices of right to sue from the EEOC.

6.	Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7.	Plaintiff Soheila Hexemer is a former employee of Defendants GID Global and GE.  Ms. Hexemer resides in Clifton Park, New York and was employed by GE Power & Water, which is, upon information and belief, a subdivision or department of GE.  At all relevant times Ms. Hexemer met the definition of an "employee" under all applicable statutes.

8.	Defendant GE is a New York corporation with a principal place of business located at 3135 Easton Turnpike, Fairfield, Connecticut.  Upon information and belief, GE Power & Water is department or subdivision of GE and operates the Schenectady location where

Plaintiff was employed. At all relevant times, GE met the definition of Plaintiff's "employer" under all applicable statutes as GE either employed or jointly employed Plaintiff.

9. Defendant GID Global, LLC is a Delaware limited liability corporation with a principal place of business located at 50 Main Street, Suite 1000, White Plains, New York 10606. GID Global is a staffing and employment agency that provides staffing for GE at its Schenectady, NY office. At all relevant times, GID Global met the definition of Plaintiff's "employer" under all applicable statutes as GID Global either employed or jointly employed Plaintiff.

10. Defendant Jose Garcia is the owner and operator of Defendant GID Global, LLC and directly participated or was responsible for the discriminatory, retaliatory and otherwise unlawful employment decisions and actions taken against Plaintiff. At all relevant times, Defendant Garcia met the definition of Plaintiff's "covered employer" and/or "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

**Defendants GE and GID Global Jointly Employed Plaintiff**

11. At all relevant times, Plaintiff was jointly employed by both GE and GID Global.

12. During the course of her employment with Defendants, Plaintiff entered into an employment agreement with GID Global and GID Global issued payroll checks to Plaintiff, however, for all other purposes, Defendant GE controlled the terms and conditions of Plaintiff's employment.

13. Throughout the course of her employment with GE and GID Global, Plaintiff worked at GE's Schenectady office where Plaintiff used GE's office equipment to perform her

3

job duties. Additionally, Plaintiff was provided with a GE email address (soheila.hexemer@ge.com) that she used throughout the course of her employment.

14. The nature of GID Global's business and employment of Plaintiff and other employees at GE's Schenectady office was such that the employees of GID Global could shift from GID Global to any other employment agency with little or no material change in the services provided to GE. In fact, upon information and belief, a number of GE employees have worked for GID Global as well as other employment agencies while working at GE's Schenectady office.

15. During the course of her employment, GE's employees supervised and otherwise controlled the conditions of Plaintiff's employment.

16. During the course of her employment with GID Global in GE's Schenectady office, Plaintiff was required to comply with GE's Company Policies along with a number of other GE employment policies.

17. During the course of her employment with GE and GID Global, Plaintiff worked exclusively for GE. Indeed, Plaintiff has continuously worked in the same department for GE since January 2011 until the termination of her employment on October 31, 2012.

18. Further, GE had the power to hire and fire GID Global's employees in the Schenectady office.

**Plaintiff's Employment with Defendants**

19. Ms. Hexemer was born in Iran and is of Persian descent.

20. Ms. Hexemer immigrated to the United States in 1977 and has been a citizen of the United States since 1988.

21. Ms. Hexemer began working for Defendants in or around March 2009 as a contract employee at GE's Schenectady office.

22. From March 2009 until approximately September 2010, Ms. Hexemer was employed in a position with GE Power & Water's Generator Division through Granite Services International, Inc. ("Granite"), a staffing agency wholly owned by GE. Ms. Hexemer's employment in this position ended in September 2010 when her contract with Granite ended.

23. In January 2011, Ms. Hexemer was hired by GID Global for a project management position with GE Power & Water's Aftermarket Steam and Generator Divisions.

24. In this position, Ms. Hexemer was responsible for (i) updating GE's Data Management System containing power plant manuals, (ii) verifying the accuracy of manuals after language translation, (iii) creating web-based workflow forms for GE's engineering staff, (iv) providing training on Microsoft Office products, (v) maintaining GE's email server archive tool and (vi) designing and building GE Power & Water's webpage.

**Plaintiff is Subjected to Harassment Because of Her Ethnicity and/or National Origin**

25. On October 25, 2012, Ms. Hexemer was engaged in a private conversation with two co-workers when she made a comment about how much weight they gain by sitting at their desks all day.

26. Sarah Hill, a GE employee who was working nearby, overheard Ms. Hexemer's conversation and began to berate her, stating that "in this country we don't talk like that." Hill further added that Ms. Hexemer's comment might be acceptable in Iran, but not in the United States. Hill also described Ms. Hexemer as "uncivilized."

27. Ms. Hexemer was taken aback by Hill's comments and questioned what her ancestry had to do with anything. Ms. Hexemer told Hill that she was a U.S. citizen and her

5

husband and children were American. Disgusted with Hill's blatantly discriminatory comments, Ms. Hexemer told Hill: "If my nationality is affecting you that much, I will resign."

**Plaintiff Promptly Complained About Hill's Discriminatory Comments**

28. Immediately after the confrontation by Hill, Ms. Hexemer attempted to address this situation with two of her GE supervisors, but neither of them was available to meet with Ms. Hexemer.

29. Instead, Ms. Hexemer met with Jacob Tefft, another contract employee through GID Global. Tefft was already aware of the above-mentioned incident since he had witnessed it firsthand. Tefft advised Ms. Hexemer to "clam down" and go home and told her that they would discuss it later.

30. Ms. Hexemer was not scheduled to work the following day, a Friday, and returned to work on Monday, October 29, 2012. On that day, Ms. Hexemer met with Tefft and Thomas Zalewski, a GID Global supervisor. During the meeting, Tefft made it clear to Ms. Hexemer that he had spoken with Defendant Garcia, owner and operator of GID Global, and they had all agreed that going forward Ms. Hexemer would not need to have any contact with Hill if she did not want.

31. Ms. Hexemer responded to Tefft and Zalewski that she did not think that was an adequate remedy for the situation, but felt as though she had no choice but to continue with her work, which she tried to do.

32. The following day, October 30, 2012, Ms. Hexemer called out sick as a result of the stress from having to deal with what had become an extremely hostile and uncomfortable working environment.

**The Termination of Plaintiff's Employment with Defendants**

33. Ms. Hexemer reported for work as normal on October 31, 2012. Later that day, Ms. Hexemer received an email from Garcia informing her that her employment had been terminated.

34. After receiving this notice, Ms. Hexemer asked her GE managers about Defendants' decision to terminate her employment. Ms. Hexemer's managers told her that they were unaware of her termination and, thus, did not know why her employment was terminated, however, they suggested that Ms. Hexemer speak with Jared York, a Senior Manager with GE.

35. Ms. Hexemer then met with York – along with her GE managers – to discuss her termination. When Ms. Hexemer asked York why she was terminated over Hill, who had actually made the discriminatory comments, York simply responded that he did not like or care about Ms. Hexemer.

36. Ms. Hexemer then asked York if he did not like her because of her national origin (Iranian) or race/ethnicity (Persian), York did not respond and instead told Ms. Hexemer that she did not work for him, so what Hill said or did to her was not his concern and did not matter.

37. Upon returning home, Ms. Hexemer called Garcia to express her concerns about the discriminatory and retaliatory nature of her termination and that she planned to file a lawsuit to remedy her illegal termination. Garcia then asked Ms. Hexemer to hold off until he could fly to New York to meet with her in person.

38. When they met in person the following week, Garcia claimed that GE made the decision to terminate Ms. Hexemer's employment with GE. Plaintiff again reiterated that she felt she was being terminated because of her national origin (Iranian) and race/ethnicity (Persian) and in retaliation for her complaint against Ms. Hill for her discriminatory remarks.

7

39. During their meeting, Garcia told Ms. Hexemer that GE terminated her employment for "budgetary reasons" but that he was not notified by GE that it was terminating her employment until October 31, 2012. Garcia also told Ms. Hexemer that GE customarily gives him 2 months' notice when it is eliminating a position or terminating a contract employee.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Retaliation in Violation of Section 1981)
### (Against All Defendants)

40. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

41. Defendants retaliated against Plaintiff by, among other things, terminating her employment, in violation of Section 1981, in retaliation for her opposition to and/or lodging of complaints of discrimination on the basis of her race/ethnicity.

42. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

43. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

44. Defendants' unlawful and retaliatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)
### (Against Defendants GE and GID Global)

45. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

46. Defendants GE and GID Global retaliated against Plaintiff by, among other things, terminating her employment, in violation of Title VII for her opposition to and/or lodging of complaints of discrimination on the basis of race/ethnicity and/or national origin.

47. As a direct and proximate result of Defendants GE and GID Global's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

48. As a direct and proximate result of Defendants GE and GID Global's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

49. Defendants GE and GID Global's unlawful and retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Retaliation in Violation of New York State Human Rights Law)**
**(Against All Defendants)**

50. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

51. Defendants retaliated against Plaintiff by, among other things, terminating her employment, in violation of the NYSHRL for her opposition to and/or lodging of complaints of discrimination on the basis of race/ethnicity and/or national origin.

52. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

53. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

  C. An order directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

  D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

  E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

  F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

  G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

  H. An award of punitive damages;

  I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

  J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: February 11, 2014
New York, New York               Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: /s/ Denise Rubin Glatter
    Denise Rubin Glatter
    Robert W. Ottinger

20 W 55th Street, 6th Floor
New York, New York 10019
(212) 571-2000 (tel.)
(212) 571-0505 (fax)
denise@ottingerlaw.com
robert@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*