**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------- x

SOHEILA HEXEMER,

                Plaintiff,

     v.                                 Index No. 12-cv-1808 (LEK/CFH)

GENERAL ELECTRIC COMPANY, GID       **ANSWER TO FIRST AMENDED**
GLOBAL, LLC and JOSE GARCIA, in his     **COMPLAINT**
professional and individual capacities,

                Defendants.

----------------------------------------------------------------- X

       Defendants, General Electric Company ("GE"), GID Global, LLC ("GID Global"), and Jose Garcia ("Mr. Garcia") (collectively, the "Defendants"), by their attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, for their answer to the first amended complaint (the "Complaint") of plaintiff, Soheila Hexemer ("Ms. Hexemer"), allege as follows:

       1.      Deny the allegations in paragraph 1 of the Complaint.

       2.      Deny the allegations in paragraphs 2, 3, and 6 of the Complaint and respectfully refer all issues of law to the Court.

       3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except deny that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

       4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 14, 19, 20, 25, 26, and 28 of the Complaint.

       5.      Deny the allegations in paragraph 7 of the Complaint, except deny knowledge or information sufficient to form a belief as to Ms. Hexemer's place of residence, and admit that GE Power and Water is a subdivision or department of GE.

6. Deny the allegations in paragraph 8 of the Complaint, except admit that GE is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut and GE Power & Water is a department or subdivision of GE.

7. Deny the allegations in paragraph 9 of the Complaint, except admit that GID Global is a Delaware limited liability company and provides staffing services to GE at its Schenectady, New York office.

8. Deny the allegations in paragraphs 10, 11, 15, 18, 21, 31, 34, 36, 41, 42, 43, 44, 46, 47, 48, 49, 51, 52, and 53 of the Complaint.

9. Deny the allegations in paragraph 12 of the Complaint, except admit that Ms. Hexemer and GID Global entered into an employment agreement (the "Employment Agreement") and GID Global issued payroll checks to her.

10. Deny the allegation in paragraph 13 of the Complaint that Ms. Hexemer was employed by GE and GID Global.

11. Deny the allegations in paragraph 16 of the Complaint and respectfully refer the Court to the Employment Agreement between Ms. Hexemer and GID Global for a full recitation of the terms of her employment.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except deny that Ms. Hexemer was employed by GE and GID Global.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

14. Deny the allegations in paragraph 23 of the Complaint, except admit that GID Global hired Ms. Hexemer in January 2011.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except admit that Ms.'s Hexemer's work responsibilities included updating GE's Data Management System containing power plant manuals, verifying the accuracy of manuals after language translation, and maintaining GE's email server archive tool.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except deny that Sarah Hill ("Ms. Hill")'s comments were blatantly discriminatory.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, except admit that Jacob Tefft ("Mr. Tefft"), a GID Global employee, let Ms. Hexemer leave work a few minutes early the day of the complained-of incident with Ms. Hill.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, except deny that Mr. Garcia is an owner and operator of GID Global, and admit that Mr. Tefft told Ms. Hexemer that she would not need to have further contact with Ms. Hill if she did not want to have such contact.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except deny that Ms. Hexemer's work environment had become extremely hostile and uncomfortable, and admit that Ms. Hexemer did not report to work on October 30, 2012.

20. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint, except admit that Mr. Garcia emailed Ms. Hexemer on October 31, 2012 to inform her that her employment had been terminated.

21. Deny the allegations in paragraph 35 of the Complaint, except admit that Ms. Hexemer met with Jared York about her termination.

22. Deny the allegations in paragraph 37 of the Complaint, except admit that Ms. Hexemer contacted Mr. Garcia about her intention to file a lawsuit regarding her termination, and Mr. Garcia told her that he was flying to New York the following week and would meet with her.

23. Deny the allegations in paragraph 38 of the Complaint, except admit that Mr. Garcia and Ms. Hexemer met in person the week after her termination about her feelings about her termination.

24. Deny the allegations in paragraph 39 of the Complaint, except admit that Mr. Garcia told Ms. Hexemer that her employment had been terminated for budgetary reasons. Specifically, the project that GID Global had hired Ms. Hexemer to work on for GE ended, and GID Global did not have another suitable long-term position for her to work on.

25. Repeat and reallege their responses to the allegations set forth in paragraphs 40, 45 and 50 of the Complaint.

### First Affirmative Defense

26. The Complaint fails to state a cause of action.

### Second Affirmative Defense

27. GE was not Ms. Hexemer's employer pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII, or the New York State Human Rights Law §§ 290 *et seq.* and, therefore, cannot be held liable to Ms. Hexemer for the alleged violations.

### Third Affirmative Defense

28.     Ms. Hexemer's termination was justified by legitimate, non-discriminatory reasons, and she was not subjected to retaliation by Defendants.

### Fourth Affirmative Defense

29.     Appropriate remedial action was taken with respect to Ms. Hexemer's purported complaints about Ms. Hill's allegedly discriminatory comments.

### Fifth Affirmative Defense

30.     Defendants acted in good faith and had reasonable grounds for believing that their conduct did not violate any law and, in fact, their conduct did not violate any law.

### Sixth Affirmative Defense

31.     Defendants have not proximately caused any of the damages Ms. Hexemer alleges in the Complaint.

### Seventh Affirmative Defense

32.     Ms. Hexemer's claims for compensatory and punitive damages are barred to the extent such claims exceed the statutory limits.

### Eighth Affirmative Defense

33.     If Ms. Hexemer suffered any damages or losses, such damages or losses were caused in whole or in part by her own conduct, acts or omissions to act.

### Ninth Affirmative Defense

34.     Ms. Hexemer's claims for damages are barred because good faith efforts to comply with all applicable laws, rules and regulations were taken by Defendants.

### Tenth Affirmative Defense

35.     Ms. Hexemer is not entitled to any of the relief she seeks.

### Eleventh Affirmative Defense

36. None of Defendants' alleged actions constitute malice or reckless indifference towards Ms. Hexemer's rights. Therefore, Ms. Hexemer is not entitled to punitive damages.

### Twelfth Affirmative Defense

37. Ms. Hexemer failed to mitigate her damages.

### Thirteenth Affirmative Defense

38. None of Ms. Hexemer's alleged protected activities with respect any of the Defendants was a "but-for" cause of her termination.

### Fourteenth Affirmative Defense

39. GID Global was not an "employer" under Title VII during the relevant time period and, therefore, cannot be held liable to Ms. Hexemer under Title VII.

**WHEREFORE**, Defendants respectfully urge the Court to dismiss the Complaint, award to Defendants the costs and disbursements of this action, including their reasonable attorneys' fees; and such other relief as may be just and proper.

Dated: New York, New York  
March 27, 2014

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**

By:   s/ David G. Ebert  
        David G. Ebert  
        Alissa G. Friedman  
250 Park Avenue  
New York, New York 10177  
(212) 907-9600

*Attorneys for Defendants*  
*General Electric Company, GID Global, LLC, and Jose Garcia*

To:    Denise Rubin Glatter, Esq.
         The Ottinger Firm, P.C.
         20 West 55th Street, 6th Floor
         New York, New York 10019
         (212) 571-2000
         *Attorneys for Plaintiff*
          *Soheila Hexemer*